# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 906-2 | **DATE** | 3/23/2004 |
| **CASE TITLE** | USA vs. Nathaniel Kinard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Kinard's motion is denied for lack of jurisdiction. (88-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 89 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/24/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 2004 MAR 24 AM 11:18 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) No. 00 CR 906-2
)
NATHANIEL KINARD, )
) DOCKETED
        Defendant. )
MAR 2 4 2004

MEMORANDUM ORDER

    Nathaniel Kinard ("Kinard") has filed a self-prepared "Motion for Halfway House," asking this Court to order the Bureau of Prisons to send him to a halfway house to complete the last six months of his imprisonment (which Kinard describes as the period from April 13 to October 13, 2004, after crediting him with good time). Unfortunately Kinard's motion, which he mailed from Oxford Prison Camp on December 21, 2003 and was received in the Clerk's Office here on December 24, was totally misplaced--it was filed improperly, so that it was never brought to this Court's attention until earlier this month. But that delay, although it is certainly vexing to Kinard (and to this Court as well), turns out to make no difference.

    This Court sentenced Kinard on March 24, 2003 to 18 months' custody, to be followed by a three-year term of supervised release. When sentence was thus imposed, this Court lost jurisdiction to modify its terms in any respect other than under the limited conditions and the highly restrictive timetable

89

provided by Fed. R. Crim. P. 35. That being so, this Court lacks power to grant Kinard the relief that he seeks.

As chance would have it, this Court sat with the Court of Appeals for the Third Circuit earlier this month and now has the responsibility for preparation of an opinion that implicates the Bureau of Prisons' change in policy--based on a legal opinion issued by the Department of Justice--that eliminated the practice of placing convicted prisoners in halfway houses under appropriate circumstances toward the end of their designated custodial terms. This Court has consequently had the occasion to examine a host of District Court opinions (none has emanated from a Court of Appeals as yet), which come down on opposite sides of the question whether that change in policy is legally sound or was established legally. But in Kinard's case, unlike those in which relief was granted by some courts on 28 U.S.C. §2255 motions, this Court's imposition of sentence neither contemplated nor relied upon the then-existing Bureau of Prisons policy, which was wholly discretionary on its part.

No opinion is expressed here on the question raised by Kinard, by which he seeks to challenge the change in Bureau practice. Instead, as stated earlier, this Court denies his motion for lack of jurisdiction.

                                      Milton I. Shadur
                                      Senior United States District Judge

Date: March 23, 2004